IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08-CR-139-WKW |
| | ) | [WO] |
| JOHNNY LENEZ GOOD | ) | |

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR SENTENCE REDUCTION**
**UNDER 18 U.S.C. § 3582(c)(1)(B)**
**AND SECTION 404(b) OF THE FIRST STEP ACT**

Before the court is Defendant Johnny Lenez Good's motion for retroactive application of the Fair Sentencing Act of 2010, Pub. L. No. 111 220, 124 Stat. 2372, § 2(a), to his 2008 sentence. (Doc. # 55.) Seeking a sentence of time served, Mr. Good brings his motion pursuant to § 404 of the First Step Act of 2018. *See* Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018). The Government does not oppose the motion. (Doc. # 62.) For the reasons to follow, the court finds that Mr. Good is eligible for relief under the First Step Act and that a sentence reduction is appropriate. Mr. Good's sentence will be reduced to time served plus ten days, and his term of supervised release will be reduced to eight years.

## I. BACKGROUND

On July 29, 2008, a federal grand jury indicted Defendant Johnny Lenez Good on two charges. Relevant here, Count One charged Mr. Good with possessing with intent to distribute more than 50 grams of cocaine base and a detectable amount of

cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1).  (*See* Doc. # 24 (Superseding Indictment).)   This charge carried a statutory sentencing range of 10 years to life, and a supervised release term of at least 5 years.  *See* 21 U.S.C. § 841(b)(1)(A)(iii)(2008).   However, pursuant to 21 U.S.C. § 851(a), the Government filed an information notifying Mr. Good of its intent to rely on his prior felony drug conviction to enhance his statutory sentencing range to 20 years to life and his supervised release period to at least 10 years.  (Doc. # 40.)  Thereafter, Mr. Good entered into a written plea agreement with the Government pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.   The parties agreed that Mr. Good would plead guilty to Count One and that he would receive "a sentence of not less than 20 years."  (Doc. # 41, at 4 (Plea Agreement); Doc. # 60 (Sentencing Tr.).)

The Presentence Investigation Report ("PSR") attributed 88.6 grams of cocaine base and 400.96 grams of cocaine hydrochloride to Mr. Good for purposes of the Sentencing Guidelines calculations.  These drug amounts, when converted to their marijuana equivalencies, resulted in a base offense level of 30.  After a 3-level reduction for acceptance of responsibility, Mr. Good's total offense level was 27. Based on a total offense level of 27 and a criminal history category of III, Mr. Good's guideline range of imprisonment would have been 87 to 108 months; however, because his statutory minimum sentence of 240 months exceeded the guideline

range, the guideline range became 240 months.  *See* U.S.S.G. § 5G1.1(b); (PSR ¶ 39; Doc. # 60, at 15–16.)

At the sentencing hearing held on November 13, 2008, the sentencing court accepted the plea agreement, adopted the findings in the PSR, and sentenced Mr. Good to 240 months' imprisonment and 10 years' supervised release.  (Doc. # 43 (Criminal J.); Doc. # 60, at 13, 15, 22–23.)  Judgment was entered the same date.[1] (Doc. # 43.)

## II.  DISCUSSION

### A.    <u>General Statutory Principles</u>

"A  district  court  lacks  the  inherent  authority  to  modify  a  term  of imprisonment."  *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020) (citing 18 U.S.C. § 3582(c)).  However, under 18 U.S.C. § 3582(c)(1)(B), a district court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ."  § 3582(c)(1)(B).  Here, the First Step Act "expressly permits"  district  courts  "to  reduce  the  sentences  of  crack-cocaine  offenders  in

---

[1] The judgment was amended on December 1, 2008, "to provide that the 240 months of imprisonment . . . shall run concurrent to the sentence being served in state custody by the Defendant in the case of *State of Alabama vs. Johnny Good*, Case No. CC-99-2036, Circuit Court of Montgomery County, Alabama."  (Doc. # 45.)  The judgment "remain[ed] unchanged in all other respects."  (Doc. # 45.)

accordance with the amended penalties in the Fair Sentencing Act" of 2010.[2] *Jones*, 962 F.3d at 1297.

Retroactive application of the Fair Sentencing Act through the First Step Act is available to defendants who were convicted of a "covered offense" and sentenced prior to the effective date of Fair Sentencing Act. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." First Step Act § 404(a). In *Jones*, which was decided after the parties completed briefing on Mr. Good's motion, the Eleventh Circuit explained what it takes to be eligible for a sentence reduction under § 404: "To be eligible for a reduction, the district court must have 'imposed a sentence' on the movant for a 'covered offense.'" 962 F.3d at 1298 (citing § 404(a)–(b)). "A movant's offense is a covered offense if section two or three of the Fair Sentencing Act modified its statutory penalties." *Id.* at 1298. The Eleventh Circuit continued:

> To determine the offense for which the district court imposed a sentence, district courts must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment. From these sources, the district court must determine whether the movant's offense triggered the higher

---

[2] The Fair Sentencing Act amended the statutory penalties in 21 U.S.C. § 841(b)(1) in order to reduce the sentencing disparity between crack and powder cocaine. *See Dorsey v. United States*, 567 U.S. 260, 268–69 (2012) (detailing the history that led to enactment of the Fair Sentencing Act); *Dell v. United States*, 710 F.3d 1267, 1271 (11th Cir. 2013) (acknowledging the crack versus powder sentencing disparity).

penalties in section 841(b)(1)(A)(iii) or (B)(iii). If so, the movant committed a covered offense.

*Id.* at 1300–01.  The *Jones* holding—that a defendant has a "covered offense" if his "offense triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii)"—does not permit the district court to consider the "actual quantity of crack cocaine involved in [the movant's] violation."  *Id.* at 1301.  The Eleventh Circuit explained:  "The actual drug-quantity involved in the movant's offense is irrelevant as far as the element and the *offense* are concerned.  The actual quantity is only the *means* of satisfying the drug-quantity element.  That quantity constitutes relevant conduct under the Sentencing Guidelines, but it does not define the offense."  *Id.* (internal citations omitted); *see also United States v. Ingram*, No. 19-11257, 2020 WL 6059658, at *2 (11th Cir. Oct. 14, 2020) ("The actual quantity of crack cocaine involved in a movant's offense beyond the amount triggering the statutory penalty is not pertinent to determining whether a movant has a 'covered offense.'"  (citing *Jones*, 962 F.3d at 1301–02)).

Relevant here, § 2 of the Fair Sentencing Act lowered the statutory penalties for certain crack-cocaine offenses by increasing the threshold amounts for enhanced penalties.  Specifically, § 2(a) of the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5–year minimum and from 50 grams to 280 grams in respect to the 10–year minimum. . . ."  *Dorsey v. United States*, 567 U.S.

260, 269 (2012); *compare* § 841(b)(1)(A)(iii) (2008) *with* § 841(b)(1)(A)(iii) (2010); *compare* § 841(b)(1)(B)(iii) (2008) *with* § 841(b)(1)(B)(iii) (2010).

A defendant who satisfies the "covered offense" requirement, however, is not automatically entitled to a reduction of his sentence. *Jones*, 962 F.3d at 1303. He also must meet § 404(b)'s "as if" qualifier: Any reduction must be "*as if* sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act § 404(b) (emphasis added). For example, a defendant does not meet the "as if" qualifier if he "received the lowest statutory penalty that also would be available to him under the Fair Sentencing Act." *Jones*, 962 F.3d at 1303.

Where the foregoing requirements are met, "[t]he First Step Act grants the district court discretion to reduce a sentence but does not require a reduction." *United States v. Denson*, 963 F.3d 1080, 1086–87 (11th Cir. 2020); First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence."). It "leaves the choice of whether to resentence and to what extent to the district court's sound discretion." *Id.* at 1087. In exercising its discretion, the district court "may consider all the relevant factors, including the statutory sentencing factors, 18 U.S.C. § 3553(a)." *Jones*, 962 F.3d at 1304. Additionally, under the First Step Act, a defendant seeking a sentence reduction is not entitled to a hearing. *Denson*, 963 F.3d at 1086.

**B.**   **Mr. Good's Motion for a Sentence Reduction**

The discussion of Mr. Good's motion is divided into three parts.  The first part establishes Mr. Good's eligibility for a sentence reduction.   The second part demonstrates the court's authority to reduce Mr. Good's sentence.   The third part assesses the § 3553(a) factors on the issue of whether a reduction is warranted.

**1.**   **Mr. Good is eligible for a sentence reduction.**

The court agrees with the parties that Mr. Good's cocaine-base offense is a "covered offense" under the First Step Act and that he is eligible for a reduction in his sentence.  Mr. Good was charged, found guilty, and sentenced for the offense of possessing with intent to distribute 50 grams or more of cocaine base, in violation of § 841(a)(1).  (Docs. # 24, 60.)  Because Mr. Good committed his offense prior to August 3, 2010, his conviction on Count One triggered the higher penalties in § 841(b)(1)(A)(iii) for offenses involving 50 grams or more of cocaine base; therefore, he was subject to an enhanced statutory penalty of 20 years to life based on his prior felony drug conviction.  (*See* Doc. # 24, at 1; Doc. # 36, at 1.)  Had § 2(a) of the Fair Sentencing Act been in effect at the time of his sentencing, Mr. Good's statutory sentencing range would have been governed by § 841(b)(1)(B)(iii), which provides the penalties for a § 841(a) violation involving 28 grams but less

than 280 grams of cocaine base.[3]  Under § 841(b)(1)(B)(iii), as amended by the Fair Sentencing Act, Mr. Good's enhanced statutory penalty based on his prior felony drug conviction would have been 10 years to life.  Because Mr. Good was sentenced for a § 841(a) violation involving an offense for which the Fair Sentencing Act modified the statutory penalties, his offense qualifies as a "covered offense."

> **2.    The First Step Act permits a reduction in Mr. Good's sentence.**

The First Step Act allows (but does not require) the court to reduce Mr. Good's term of imprisonment because he satisfies § 404(b)'s "as if" qualifier:  "Any reduction must be 'as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed.'"  *Jones*, 962 F.3d at 1303 (quoting First Step Act § 404(b)).  Mr. Good's 240-month sentence exceeds the Fair Sentencing Act's mandatory-minimum sentence of 10 years' imprisonment.  Accordingly, the court has the authority under the First Step Act to reduce Mr. Good's sentence based on application of the Fair Sentencing Act.  *See, e.g., United States v. Gillon*, No. 19-15016, 2020 WL 5371558, at *2 (11th Cir. Sept. 8, 2020) ("Because Gillon's sentence of 190 months of imprisonment exceeded the statutory mandatory-minimum sentence of 10 years of imprisonment provided in the Fair

---

[3] The First Step Act redefined and restricted the type of prior drug convictions that trigger mandatory penalties under § 841(b)(1)(A) and (B), replacing "felony drug offense" with a "serious drug felony."  *See* First Step Act § 401(a)(2)(A) & (B).  However, the First Step Act did not make the "serious drug offense" amendment retroactive.  *Id.* § 401(c).  Here, Mr. Good does not dispute that he has a qualifying prior "felony drug offense."

Sentencing Act, the district court had the authority to reduce his sentence under the First Step Act.").

3.   **The § 3553(a) factors warrant a reduction in Mr. Good's sentence.**

The court has reviewed carefully the PSR, the sentencing record, and Mr. Good's records from the Bureau of Prisons.  It also has considered the sentencing factors in § 3553(a)—including the nature and circumstances of the offense, the aims of deterrence and punishment, and Mr. Good's criminal history, age, post-sentencing conduct, and rehabilitative efforts.  *See* § 3553(a); *see also Pepper v. United States*, 562 U.S. 476, 491 (2011) ("[E]vidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing.").  The balancing of the § 3553(a) factors warrants a reduction in Mr. Good's sentence.

To begin, Mr. Good committed a serious drug offense, which because of the drug amounts charged and his prior felony drug conviction, Congress at the time saw fit to impose a 20-year minimum sentence.  However, Congress now has cut in half the statutory mandatory minimum.  Significantly, relevant to the nature of Mr. Good's offense, the quantity of crack cocaine attributable to Mr. Good at sentencing—*i.e.*, 88.6 grams—falls within the lower end of the new range of more than 28 grams but less than 280 grams prescribed in § 841(b)(1)(B)(iii).  *See Jones*, 962 F.3d at 1301 (observing that a district court can "consider its previous findings

of relevant conduct in deciding whether to exercise its discretion to reduce an eligible movant's sentence under section 404(b) of the First Step Act").  If Mr. Good were sentenced anew on Count One under the Fair Sentencing Act, his base offense level would be 24 because his offense involved at least 100 kilograms but less than 700 kilograms of converted drug weight.  With a three-level reduction for acceptance of responsibility, his total offense level would be 21.  A total offense level of 21 combined with a criminal history category of III would produce a guideline range of 46 to 57 months, which would be supplanted by the statutorily required minimum sentence of ten years.  *See* § 5G1.1(b).  Hence, Mr. Good's guideline sentence would be 120 months.

Additionally, Mr. Good, who recently had his 43rd birthday, has served more than 12 years of his 20-year sentence and has a projected good-time release date in August 2025.  Mr. Good has received two disciplinary infractions over the course of 12 years, and there have been none in more than 7 years.  (Doc. # 56-1, at 10–11.) Overall, Mr. Good's behavior in prison has been compliant, and he presently is incarcerated at a minimum security federal prison camp.  Moreover, Mr. Good has taken advantage of educational opportunities while imprisoned.  He has completed 49 courses, spanning from positive parenting and drug education to advanced math and business etiquette.  (Doc. # 56-1, at 5–9.)

Overall, the court finds that a sentence of time served plus 10 days is sufficient but not greater than necessary to reflect the seriousness of Mr. Good's offense, to promote respect for the law, to provide just punishment, and to afford adequate deterrence.[4]  *See* § 3553(a)(1)–(2).  Mr. Good also will be subject to eight years of supervised release to help him transition from prison to society on the same terms and conditions set at sentencing.  *See United States v. Cruz*, 248 F. App'x 76, 76 (11th Cir. 2007) (providing that 18 U.S.C. § 3683(a) "empowers a sentencing court to include a term of supervised release as part of a sentence").  The remainder of Mr. Good's sentence will remain unchanged.

### III.  CONCLUSION

Based on the foregoing, it is ORDERED as follows:

(1)    Mr. Good's motion for a sentence reduction (Doc. # 55) is GRANTED;

(2)    Mr. Good's sentence imposed on November 13, 2008 (Doc. # 43), is REDUCED to time served plus 10 days, for a release date of **November 16, 2020**;

(3)    Mr. Good's term of supervised release is reduced from ten years to eight years on the same terms and conditions originally ordered; and

(4)    All other provisions of the judgment imposed on November 13, 2008, shall remain in effect.

---

[4] The ten-day period will assist Mr. Good in finalizing his release plans and will permit the Bureau of Prisons time to satisfy any statutory obligations.

An amended judgment will be entered separately.

DONE this 6th day of November, 2020.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE